IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONTE BERNARD BAKER,**

    Petitioner,

v.                                        Civil Action No. 5:15cv116
                                             (Judge Stamp)

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On September 3, 2015, the *pro se* petitioner, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. § 2241, contending he is actually innocent of one of his crimes of conviction in the United States District Court for the District of Maryland. ECF No. 1 at 1 - 2. Because he had not paid the filing fee nor filed a motion to proceed as a pauper with supporting documents, the Clerk of Court issued a Notice of Deficient Pleading, directing him to do so within twenty-one days, or by September 24, 2015. On September 18, 2015, petitioner paid the $5.00 filing fee.

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

## I. Factual and Procedural History

### A. Conviction and Sentence[1]

---

[1] The citations in this section, as well as sections B, C, and D, are to Petitioner's underlying criminal case in the District of Maryland, Case No. 1:11cr426-1. Because the transcripts and other sentencing documents are either sealed or otherwise not available for viewing on the petitioner's criminal docket, information about petitioner's conviction and sentencing were obtained from the government's response to petitioner's first Motion to Vacate. See ECF No. 392.

On August 3, 2011, in the District of Maryland, petitioner was charged in a two-count indictment with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Heroin, in violation of 21 U.S.C. § 846; Possession of a Firearm in Furtherance of a Drug-Trafficking Offense, in violation of 18 U.S.C. § 924(c); and Aiding and Abetting, in violation of 18 U.S.C. § 2. ECF No. 1.

On January 25, 2012, a 4-count Superseding Indictment with a forfeiture allegation was entered against petitioner and three co-defendants, charging petitioner in Count One with Conspiracy to Participate in Racketeering Activity, in violation of 18 U.S.C. § 1962(d); in Count Two, with Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5); in Count Three with Conspiracy to Distribute and Possess with Intent to Distribute Narcotics, in violation of 18 U.S.C. § 846; and in Count Four with Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) and 2. ECF No. 37.

On June 27, 2012, a 4-count Second Superseding Indictment with a different forfeiture allegation was entered against petitioner and his co-defendants, charging petitioner Count One with Conspiracy to Participate in Racketeering Activity, in violation of 18 U.S.C. § 1962(d); in Count Two, with Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5); in Count Three with Conspiracy to Distribute and Possess with Intent to Distribute Narcotics, in violation of 18 U.S.C. § 846; and in Count Four with Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) and 2. ECF No. 91. After failing to prevail on two motions to suppress, on November 5, 2012, shortly before trial was scheduled to begin, Baker negotiated a plea agreement with the government. The agreement provided that Baker would plead guilty to Counts One, Two, and Four of his indictment in exchange for the government's agreement to move to dismiss Count Three; to

refrain from opposing a two-offense-level adjustment under the sentencing guidelines for acceptance of responsibility; and to recommend that the district court impose a sentence of no more than 32 years of imprisonment, which was below the advisory guidelines range. On November 5, 2012, petitioner entered his pleas. ECF No. 162. Subsequently, petitioner filed two motions to withdraw his guilty plea; the motions were denied on April 9, 2013. ECF No. 278.

At his May 21, 2013 sentencing hearing, after determining that his guideline range was 360 months to life, the Court determined that the Presentence Report, without dispute from either party, had correctly calculated a base offense level of 43, and subtracted two offense levels under U.S.S.G § 3E1.1 to reflect Baker's acceptance of responsibility, for an offense level of 41. The Court then determined that Baker's criminal history placed him in Category III, with six criminal history points. Accordingly, petitioner was sentenced to a term of 420 months imprisonment on Count One, 120 months on Count Two, to run concurrent with the sentence on Count One, and 60 months on Count Four, to run consecutive to the sentences on Counts One and Two, for a total term of 480 months imprisonment, to be followed by a 5-year term of supervised release on Count One, a 3-year term of supervised release on Count Two, to run concurrent with that imposed for Count One, and a 5-year term of supervised release on Count Four, to run concurrent with those imposed for Counts One and Two. See Judgment, ECF No. 298 at 2 – 3.

## B. Direct Appeal

Petitioner timely appealed, challenging the district court's denial of his motion to withdraw his guilty plea and contending that his sentence was substantively unreasonable. On October 29, 2014, the Fourth Circuit Court of Appeals issued an unpublished *per curiam* opinion

affirming the district court's judgment. ECF No. 388. Baker did not petition the United States Supreme Court for a writ of *certiorari.*

C. **§2255 Motions**

**First §2255 Motion**

On November 3, 2014, petitioner filed his first § 2255 motion. ECF No. 390. In it, Baker asserted that he was denied the effective assistance of counsel, because counsel did not advise him that he could opt out of the 480 month sentence that he received for crimes including his participation in a murder, by paying a fine in advance of sentencing. Baker also alleged that his attorney was deficient for not advising him that he could have received a three-offense-level reduction in his sentence for acceptance of responsibility if he had entered a "timely" plea. The motion was denied by Order entered December 2, 2014. ECF No. 398. The following day, an Order denying a certificate of appealability was entered. ECF No. 399. Petitioner timely appealed. By unpublished *per curiam* opinion entered March 17, 2015, the Fourth Circuit dismissed the appeal and denied a certificate of appealability. ECF No. 414.

**Second §2255 Motion**

On January 26, 2015, before receiving a decision on the appeal on his first §2255 motion, petitioner filed his second §2255 motion. In it, he cited to Bousley v. United States,[2] arguing that he was actually innocent of his Count Four conviction for using a firearm in furtherance of a drug-trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2, and sought to have that conviction and its 60-month consecutive sentence vacated. ECF No. 411. By Order entered February 4, 2015, the motion was denied as an unauthorized second or successive motion that the court was without jurisdiction to decide; a certificate of appealability was denied as well. ECF No. 412.

---
[2] Bousley v. United States, 523 U.S. 614 (1998).

**§ 2244 Motion**

On February 18, 2015, in the Fourth Circuit Court of Appeals, petitioner filed a § 2244 motion for authorization to file a successive habeas application, raising a claim of ineffective assistance of counsel and his claim of actual innocence and citing to <u>Bousley</u>. By Order entered February 27, 2015, the motion was denied. <u>In re Donte Baker</u>, Case No. 15-128 (4th Cir. Feb. 27, 2015).

**Third §2255 Motion**

On February 19, 2016, petitioner filed his third §2255 motion, arguing that he was entitled to relief under <u>Johnson v. United States</u>.[3] By Order entered May 12, 2016, the motion was denied. ECF No. 427.

## II. Claims Raised by Petitioner

Petitioner again cites to <u>Bousley v. United States</u>, arguing that he is actually innocent of his Count Four conviction for using a firearm in furtherance of a drug-trafficking crime and aiding and abetting in violation of 18 U.S.C. §§ 924(c) and 2. ECF No. 1 at 5. He attaches a memorandum in support with exhibits; they are exact copies of the memorandum in support and exhibits attached to his second motion to vacate. <u>See</u> ECF 1 at 11 – 20, ECF Nos. 1-1, 1-2, 1-3, 1-4 and 1-5; <u>see</u> also D. Md. Case No. 1:11cr426, ECF No. 411 at 14 – 23, ECF Nos. 411-1, 411-2, 411-3, 411-4, and 411-5.

In response to the question on his form § 2241 petition, asking whether the grounds raised in the petition had ever been presented to any other court, petitioner admits that he previously raised the instant claims in the district court, where they were "dismissed without prejudice." <u>Id.</u> at 7.

---

[3] <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

As relief, Petitioner requests that this court "vacate § 942(c) and § 2, conviction for possession of a firearm in furtherance of a drug trafficking crime, to correct a complete miscarriage of justice." Id. at 8.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that the district court "construed his actual innocence claim as second or successive in the instant motion [sic] and refused to rule on the merits. The court of appeals denied authorization without notice of [sic] reason for not transferring it to proper jurisdiction [sic]." Id. at 9.

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim

cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and/or sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re* Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

7

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Although petitioner attempts to raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if petitioner satisfied the first and third elements of Jones, the crimes for which petitioner was convicted, violations of 18 U.S.C. §§924(c) and 2 remain criminal offenses. Therefore, because the petitioner clearly attacks the validity of his conviction and its sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

Moreover, pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost, after a full and fair litigation of his claim. See 28 U.S.C. § 2244(a). In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241. See e.g., George v. Perill, 62F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981). Given that petitioner's claims have already been rejected by the District of Maryland and the Fourth Circuit Court of Appeals, this court need not consider them.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and that this matter be **DISMISSED with prejudice.**

8

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: August 4, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE