IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONTE BERNARD BAKER,

    Petitioner,

v.                                Civil Action No. 5:15CV116
                                                  (STAMP)
TERRY O'BRIEN, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING § 2241 PETITION AND
OVERRULING PETITIONER'S
FILING CONSTRUED AS OBJECTIONS**

    The petitioner, Donte Bernard Baker ("Baker"), filed this pro se[1] petition under 28 U.S.C. § 2241 attacking the validity of his conviction and sentence. This matter was referred to United States Magistrate Judge James E. Seibert under Local Rule of Civil Procedure 72.01. The magistrate judge entered a report recommending that the petition be denied. Baker then filed a document this Court construes as objections to the report and recommendation. For the following reasons, the report and recommendation is adopted and affirmed, Baker's petition is denied, and his objections are overruled.

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

I.  Background

Baker was convicted of conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d), conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). Pursuant to a plea agreement, Baker entered guilty pleas as to each of these offenses. He then attempted to withdraw his guilty pleas, but the United States District Court for the District of Maryland denied that request. On May 21, 2013, the court sentenced Baker to a total term of 480 months of imprisonment to be followed by a total term of five years of supervised release. Baker appealed the court's denial of his motion to withdraw his guilty pleas and his sentence, and the United States Court of Appeals for the Fourth Circuit affirmed. Baker has since filed three motions under 28 U.S.C. § 2255 attacking the validity of his conviction and sentence. Each were denied. Baker also filed a motion with the Fourth Circuit under § 2244 requesting authorization to file a second or successive § 2255 motion, and the Fourth Circuit denied his motion.

In this § 2241 petition, Baker argues that he is actually innocent of his conviction of possession of a firearm in relation to a drug trafficking offense. Baker argues that his plea of guilty to that offense was not voluntary and intelligent because

2

his counsel failed to advise him "that the meaning of 'possession' of a firearm under § 924(c) meant 'use' as active employment of a firearm." ECF No. 1 at 16. He argues that had he been advised of this alleged definition of "possession," he would not have plead guilty to the § 924(c) charge and would have gone to trial. Baker made this same argument in his second § 2255 motion, which was denied as second or successive.

The magistrate judge entered a report recommending that Baker's petition be denied. The magistrate judge concluded that § 2241 is an improper vehicle for the petitioner's claims because he attacks the validity of his sentence rather than the means of execution of his sentence, and such challenges must be brought under § 2255. The magistrate judge further concluded that the petitioner could not maintain his petition under § 2255's "savings clause" because he failed to demonstrate that § 2255 does not provide an adequate remedy. Baker then filed a copy of the report and recommendation, and hand wrote the following on the last page: "ACCEPTED FOR HONOR AND CONSIDERATION . . . WITHOUT PREJUDICE." ECF No. 10 at 9. This Court liberally construes Baker's filing as objections to the report and recommendation.

## II. Applicable Law

Because this Court concludes that the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to

3

which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

A prisoner may file a motion under § 2255 to collaterally attack the legality of his conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 to challenge only the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner may use § 2241 to collaterally attack the legality of his conviction or sentence only if the remedy under § 2255 is "inadequate or ineffective." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also 28 U.S.C. § 2255(e).

Section 2255 is not inadequate merely because the prisoner has been unable to obtain relief under § 2255. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Nor is § 2255 rendered inadequate because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. Id. Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

4

>    prisoner cannot satisfy the gatekeeping provisions of
>    § 2255 because the new rule is not one of constitutional
>    law.

Jones, 226 F.3d at 333-34. Thus, a § 2241 petition may be used to attack the validity of a sentence or conviction only where the petitioner is "found actually innocent of [his] offenses of conviction" because the "acts for which the [petitioner] was convicted are not a crime." United States v. Surratt, 797 F.3d 240, 247 (4th Cir. 2015), rehearing en banc granted.

Although Baker claims to be asserting that he is actually innocent of his § 924(c) conviction, substantively, Baker's petition collaterally attacks his conviction and sentence and should have been brought under § 2255. Baker fails to demonstrate that relief under § 2255 is inadequate or ineffective because Baker's conviction was valid at the time of his conviction, and his conduct remains a crime.

The Fourth Circuit affirmed Baker's conviction and sentence and affirmed the sentencing court's denial of Baker's request to withdraw his guilty plea. He now argues that his plea was not voluntary and intelligent because his counsel failed to advise him that the government would have to prove that he used a firearm to convict him of possession of a firearm in furtherance of a drug trafficking offense. However, use and possession are non-synonymous under § 924(c).

Section 924(c) prohibits the "use[] or carr[ying]" a firearm "during and in relation to any . . . drug trafficking crime," and the "possess[ion]" of a firearm "in furtherance" of a drug trafficking crime. 18 U.S.C. § 924(c). Baker was convicted of possessing a firearm in furtherance of a drug trafficking crime, not of using a firearm. While Baker argues that "possession" and "use" as used in § 924(c) are synonymous, "possession" means that the defendant either exercised, or had the power to exercise, dominion and control over the firearm, United States v. Gallimore, 247 F.3d 134, 137 (4th Cir. 2001), and "use" means "active employment of the firearm." Bailey v. United States, 516 U.S. 137, 144 (1995). Thus, Baker's possession of a firearm in furtherance of a drug trafficking offense continues to be a crime. Baker fails to establish that § 2255 is inadequate or ineffective, and this Court lacks jurisdiction to consider his petition.

IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 8) is AFFIRMED AND ADOPTED. Accordingly, Baker's § 2241 petition (ECF No. 1) is DENIED, and Baker's objections to the report and recommendation (ECF No. 10) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 22, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE